IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 12 C 1542 |
| v. | ) ) | Magistrate Judge Jeffrey T. Gilbert |
| WILLIAM JAEGLE and JOSEPH NAUYALIS, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Grinnell Mutual Reinsurance Company ("Grinnell Mutual") initiated this action seeking a declaration that it does not have a duty to defend or indemnify defendant William Jaegle ("Jaegle") for the claims made against him in a lawsuit filed by the other defendant in this case Joseph Nauyalis ("Nauyalis"). This matter is before the Court on cross-motions for summary judgment [Dkt.##29, 38]. Grinnell Mutual seeks summary judgment on all of its claims for relief. *See* [Dkt.#29]. Jaegle filed a cross-motion for summary judgment as to Grinnell Mutual's duty to defend him, and he also seeks dismissal of Grinnell Mutual's Second Amended Complaint [Dkt.#24] to the extent it seeks a declaration that Grinnell Mutual has a duty to indemnify him on the ground that such a declaration is premature unless and until he is held liable in the lawsuit filed by Nauyalis.[1] *See* [Dkt.#38].

---

[1] Nauyalis filed an answer to Grinnell Mutual's First Amended Complaint [Dkt.#11] after Grinnell Mutual's original complaint was dismissed *sua sponte* for lack of jurisdiction [Dkt.#5]. Nauyalis has not answered or otherwise responded to Grinnell Mutual's Second Amended Complaint [Dkt.#24]. Neither has he responded to Grinnell Mutual's Motion for Summary Judgment [Dkt.#29] nor has he filed a motion for summary judgment of his own.

For the reasons discussed herein, Grinnell Mutual's Motion for Summary Judgment [Dkt.#29] is denied. Based upon the factual allegations in the amended complaint filed by Nauyalis against Jaegle in his state court lawsuit, the Court cannot say as a matter of law that Grinnell Mutual does not have a duty to defend Jaegle in that action under one or more of the exclusions in the insurance policy Grinnell Mutual issued to Jaegle. Defendant Jaegle's combined Motion for Summary Judgment and Motion to Dismiss [Dkt.#38] also is denied. The Court is unable to conclude as a matter that law that none of the exclusions in the Grinnell Mutual insurance policy apply or will apply depending upon the outcome of the state court lawsuit. Jaegle's Motion to Dismiss Grinnell Mutual's Second Amended Complaint is denied without prejudice because the Second Amended Complaint does not contain a separate claim concerning Grinnell Mutual's duty to indemnify Jaegle, and it is premature to determine whether Grinnell Mutual has such a duty until the state court suit has been decided.

## I. RELEVANT FACTS

### A. Nauyalis' Lawsuit against Jaegle

This case arises from an incident that occurred on April 11, 2006, in LaSalle County, Illinois, involving Nauyalis and Jaegle. That incident is the subject of a lawsuit filed by Nauyalis against Jaegle, *Joseph Nauyalis v. William Jaegle*, Case No. 06-L-216. The facts in this section are taken from Nauyalis' amended complaint in the state court case.

Nauyalis is an Illinois State Trooper. He was on duty on April 11, 2006, when he was dispatched to Jaegle's farm in LaSalle County. After he arrived on the property, Nauyalis allegedly observed Jaegle engaged in a verbal altercation with another person. Nauyalis also alleges that Jaegle was verbally abusive to and uncooperative with Nauyalis. Jaegle allegedly did not obey Nauyalis' instructions not to move and, instead, turned his back and walked away from

Nauyalis. Nauyalis alleges he told Jaegle he was under arrest for aggravated assault. Nauyalis alleges he was injured in the course of his interactions with Jaegle. In particular, the amended complaint in the LaSalle County state court action contains the following allegations with respect to how Nauyalis was injured:

> At said time and place, the Defendant turned his back to the Plaintiff and attempted to walk to his tractor, disregarding and/or misunderstanding the Plaintiff's instructions not to move.
>
> At said time and place, the Plaintiff pinned and handcuffed the Defendant to the ground, causing the Plaintiff to suffer injury.

[Dkt.#24-5], at ¶¶ 7, 8.

Nauyalis' amended complaint is pled in two counts – Count I is captioned willful and wanton conduct, and Count II is captioned negligence. In Count I, Nauyalis alleges that Jaegle acted willfully and wantonly in that:

> At said time and place the Defendant, WILLIAM JAEGLE, committed one or more of the following willful and wanton acts and/or omission to act, to wit:
>
> a. Verbally abused the Plaintiff/responding police officer;
>
> b. Disobeyed an order from the Plaintiff;
>
> c. Resisted arrest; and engaged in a verbal altercation with the Plaintiff police officer.

[Dkt.#24-5], Count I ¶ 9 at 2. In Count II, Nauyalis alleges:

> At said time and place, the Defendant WILLIAM JAEGLE, committed one of more of the following negligent acts/and or omissions to act, to wit;
>
> a. Failed to obey orders by continuing to walk away when ordered to halt;
>
> b. Failed to comply with a police officer during an arrest;

3

      c.      Failed to exercise reasonable care when pinned and handcuffed by a police officer;

      d.      Failed to warn the Plaintiff he would resist arrest;

      e.      Engaged in a verbal altercation with a police officer;

      f.      Misunderstood the instructions of the Plaintiff when told not to walk to his tractor; and

      g.      Failed to maintain his balance while being arrested and/or handcuffed.

[Dkt.#24-5], Count II ¶ 9 at 3-4.[2]

### B.    Jaegle's Plea to Misdemeanor Charge of Resisting a Peace Officer

Jaegle was arrested and charged with resisting a peace officer, a Class A misdemeanor. Specifically, in the single count of the LaSalle County Criminal Information relevant to this case, Jaegle was charged with resisting a peace officer "in that he pulled away from Trooper Nauyalis." *See* Jaegle's Motion for Summary Judgment [Dkt.#38], Ex. 1. In a plea agreement entered on September 13, 2006, Jaegle pled guilty to resisting a peace officer in that "he pulled away from Trooper Nauyalis." *See* Grinnell Mutual's Motion for Summary Judgment [Dkt.#31-3], Ex. 3; Jaegle's Rule 56.1 Statement of Facts [Dkt.#41], at ¶14.

### C.    Grinnell Mutual's Insurance Policy Exclusion

Grinnell Mutual contends that all of Nauyalis' claims against Jaegle are excluded from coverage under Exclusion 8 of its insurance policy. That policy exclusion provides, in relevant part, as follows:

---

[2] Grinnell Mutual emphasizes that Nauyalis did not amend his complaint to include allegations of negligence until after Grinnell Mutual filed this declaratory judgment action. Jaegle says that is not true and that Nauyalis' original complaint also included negligence claim. In any event, the amended complaint is the operative complaint in the LaSalle County lawsuit at this time.

> "We" do not cover "bodily injury" or "property damage" which results from an act committed by an "insured person";
>
> > a. in the course of or in the furtherance of any:
> >
> > > 1) crime;
> > >
> > > 2) offense of a violent nature;
> > >
> > > 3) physical abuse; or
> >
> > b. if a reasonable person would expect or intend "bodily injury" or "property damage" to result from the act."

[Dkt.#31-6], Ex. 6 at 50.

## II. LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 277, 248 (1986). When a court considers a party's motion for summary judgment, it must look at the evidence as a jury might, and construe the record in the light most favorable to the nonmoving party, "avoiding the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citations omitted).

The Illinois Appellate Court has recognized that it is "the rare case" for a court to decide an insurance coverage issue in a declaratory judgment action before resolution of the underlying tort action. *Allstate Insurance Co. v. Carioto*, 551 N.E.2d 382, 194 Ill. App. 3d 767, 776 (1st Dist. 1990). In Illinois, a court resolves the question of whether a duty to defend exists by comparing

5

the facts alleged in the underlying complaint to the language of the insurance policy. *State Farm Fire and Casualty v. Young*, 968 N.E.2d 759, 763 (1st Dist. 2012). If the facts alleged in the underlying complaint fall within or potentially within the policy's coverage, the insurer's duty to defend arises. *Outboard Marine Corp. v. Liberty Mutual*, 154 Ill.2d 90, 108, 607 N.E.2d 1204, 1213 (1992). A duty to defend does not arise, however, when it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. *State Farm Fire and Casualty*, 968 N.E.2d at 763. The underlying complaint must be construed liberally in favor of the insured. *U.S. Fidelity & Guaranty v. Wilkin Insulation Co.*, 144 Ill.2d 64, 74, 578 N.E.2d 926, 930 (1991). An insured's duty to defend is much broader than its duty to indemnify. *Outboard Marine Corp.*, 154 Ill.2d at 125, 607 N.E.2d at 1220.

## III. DISCUSSION

The central issue to be decided in the context of the parties' cross-motions for summary judgment is whether the allegations in Nauyalis' amended complaint against Jaegle in the state court action trigger Grinnell Mutual's duty to defend and indemnify Jaegle or whether the allegations fall within an exclusion in the insurance policy so that Grinnell Mutual does not have a duty to defend or indemnify Jaegle as a matter of law.

### A. Grinnell Mutual Has a Duty to Defend Jaegle at This Time

Grinnell Mutual contends that the allegations in Nauyalis' amended complaint in the state court lawsuit fall squarely within one or more policy exclusions so that it does not have to defend Jaegle. Jaegle, on the other hand, argues that none of the exclusions apply as matter of law, and therefore, Grinnell Mutual is obligated to continue to defend him as it has been doing in the state court action for the past seven years. The Court agrees with Jaegle that it cannot conclude at this

6

time as a matter of law that any of the Grinnell Mutual insurance policy exclusions indisputably apply here.

Grinnell Mutual's main argument is that coverage is excluded under its policy because Jaegle pled guilty to resisting a peace officer, a "crime" within the meaning of its policy exclusion. But it is disputed whether Nauyalis was injured "in the course of or in the furtherance of" that "crime," as required by the policy exclusion. Jaegle was charged with resisting a peace officer because "he pulled away from Trooper Nauyalis." *See* [Dkt.#38-2], Ex. 1 at 3. As this case is presented on summary judgment, the matter of how Nauyalis was injured – in other words, the cause of Nauyalis' injuries – is disputed. Grinnell Mutual has not established as a matter of law based upon undisputed facts that Nauyalis was injured "in the course of or in the furtherance" of the "crime" of resisting a peace officer because "he pulled away from Trooper Nauyalis," the actual misdemeanor criminal charge to which Jaegle pled guilty. *See* [Dkt.#31-6], Ex. 6 at 50; [Dkt.#38-2], Ex. 1 at 3.

Nauyalis' amended complaint in the state court lawsuit as well as the parties' dueling Local Rule 56.1 Statements of Fact [Dkt.##28, 41] and each party's responses thereto [Dkt.##39, 47] leave open the question of whether Nauyalis was injured in the course of the crime to which Jaegle pled guilty or, instead, whether Nauyalis was injured when, *as he alleges in his amended complaint*, Nauyalis "pinned and handcuffed [Jaegle] to the ground, causing [Nauyalis] to suffer injury." State Court Amended Complaint [Dkt.#31-9], Ex. 9 at 2.

When Nauyalis was deposed in the underlying case, he described his injuries as having occurred when he landed on his left knee in the course of handcuffing Jaegle. *See* [Dkt.#31-5], Ex. 5 at 5. That testimony is consistent with the allegation in Nauyalis' amended complaint that he was hurt in the course of pinning and handcuffing Jaegle to the ground. *See* State Court

7

Amended Complaint [Dkt.#31-9], Ex. 9 at 2. Grinnell Mutual's version of events, by contrast, conflates Jaegle's plea of guilty to the charge of resisting a peace officer with Nauyalis' struggle to handcuff Jaegle in which he says he brought Jaegle to the ground. *See* Grinnell Mutual's 56.1 Statements of Fact [Dkt.#28], at ¶ 43 ("William Jaegle resisted arrest by walking away, pushing the Illinois State Trooper and struggled [sic] while the trooper brought Jaegle to the ground to be handcuffed.") According to Jaegle's telling of the story, Nauyalis was not injured "in the course of or in furtherance of" the crime to which Jaegle pled guilty – resisting a peace officer "in that he pulled away from Trooper Nauyalis." Instead, Jaegle submits that Nauyalis was injured "when he took Jaegle to the ground" as Nauyalis alleges in his amended complaint. *See* Jaegle's 56.1 Statements of Fact [Dkt#43], at ¶¶ 11-15.

Given the allegations in Nauyalis' amended complaint and the parties' competing Rule 56.1 Statements of Fact, the Court cannot conclude as a matter of law that Nauyalis was injured in the course of or in furtherance of the crime of resisting a peace officer to which he pled guilty in September 2006. In the context of the parties' cross-motion for summary judgment, it is not the Court's job to resolve the parties' disputes as to what happened on April 11, 2006. A jury in LaSalle County will do that.

As Illinois courts have instructed, the underlying complaint must be construed liberally in favor of the insured. The Court cannot say, based upon the allegations in Nauyalis' amended complaint or the Local Rule 56.1 Statements of Fact submitted by the parties, that the facts indisputably establish that the claims alleged in Nauyalis' amended complaint fall within one of the exclusions relied upon by Grinnell Mutual. In particular, the Court cannot say as a matter of law that Jaegle's plea of guilty to a misdemeanor charge of resisting a police officer "in that he pulled away from [Nauyalis]" is an admission that Nauyalis was injured "in the course of or in

8

furtherance of" that "crime" within the meaning of Grinnell Mutual's insurance policy. *See* [Dkt.#31-6], Ex. 6 at 50. In other words, it is not clear that Jaegle's admitted criminal conduct caused Nauyalis' injury.

In addition, the Court cannot say as a matter of law that Jaegle is alleged to have committed any of the other acts that would trigger any of Grinnell Mutual's other policy exclusions – an "offense of a violent nature," "physical abuse," or "if a reasonable person would expect or intend 'bodily injury' or 'property damage' to result from the act." Neither of the parties' Local Rule 56.1 Statements nor the allegations in Nauyalis state court amended complaint establish undisputed facts that would give rise to the conclusive inference that any of those policy exclusions apply as a matter of law. For example, it is not clear that Nauyalis' pinning and handcuffing Jaegle to the ground is an offense of a violent nature committed by Jaegle.

As the Illinois Appellate Court recognized in *Allstate Ins. Co. v. Kovar*, 363 Ill. App.3d 493, 842 N.E.2d 1268 (2nd Dist. 2006), "[a]t this stage, this case is not about whether it may eventually be decided that [the insurance company] is not obligated pursuant to the insurance policy. Instead, this case is about only whether [the insured's] conviction, in and of itself, is sufficient to answer that question. Beyond this, any consideration of whether [the underlying plaintiff's] injuries were intentionally or criminally caused is not appropriate now." 363 Ill. App. 3d at 501, 842 N.E.2d at 1275. Construing all of the facts in Jaegle's favor, it is conceivable that his conduct could be deemed negligent but not criminal, "an offense of a violent nature," "physical abuse" or reasonably intended to cause injury within the meaning of Grinnell Mutual's policy exclusion.

The Court recognizes it is possible that one or more of the exclusions relied upon by Grinnell Mutual in its Motion for Summary Judgment ultimately may operate as a matter of law to

9

eliminate coverage. That conclusion, however, is premature based on the allegations in Nauyalis' amended complaint and the conflicting versions of what happened between Jaegle and Nauyalis on April 11, 2006 presented in the parties' Rule 56.1 Statements, and specifically how Nauyalis was injured. After liability is determined in the underlying suit, the Court then, if necessary, can resolve whether Jaegle has insurance coverage if he is found liable for Nauyalis' injuries, or whether one of the exclusions cited by Grinnell Mutual negates coverage based on the jury's ultimate findings of fact and which version of the facts put forth by the parties the jurors accord more weight.

### B. Adjudication of Grinnell Mutual's Duty to Indemnify Is Premature

Grinnell Mutual also contends that the allegations in Nauyalis' amended complaint in the state court lawsuit fall squarely within one or more policy exclusions so that it does not have the duty to indemnify Jaegle. Jaegle, on the other hand, argues that whether Grinnell Mutual ultimately will have to indemnify him is premature at this stage and not ripe for adjudication until the underlying state court action in LaSalle County has been resolved. The Court agrees with Jaegle.

A duty to indemnify matures only when the insured becomes obligated to pay by reasons of liability imposed by law. *La Grange Memorial Hospital v. St. Paul Insurance Co.,* 317 Ill. App. 3d 863, 869–70, 740 N.E.2d 21 (2000) (the duty to defend turns on whether the insured's claim was potentially within the scope of coverage; the duty to indemnify turns on whether the claim actually came within the policy). A judicial determination of whether an insurer has a duty to indemnify is not ripe until a determination of liability has been made and the underlying litigation has been resolved. *U.S. Fidelity & Guaranty*, 144 Ill.2d at 73, 578 N.E.2d at 930.

10

Although the matter of Grinnell Mutual's duty to indemnify is not now ripe for decision, that does not mean that the Second Amended Complaint should be dismissed. The Second Amended Complaint seeks a declaratory judgment that various exclusions in Grinnell Mutual's policy negate its duty to defend and indemnify Jaegle. Grinnell Mutual, however, has pled different theories in support of what is essentially a single claim for relief. Thus, there is no separate "claim for relief" concerning Grinnell Mutual's potential duty to indemnify that is subject to dismissal as a matter of law. *See NAACP v. American Family Mutual Insurance Co.*, 978 F.2d 287, 291 (7th Cir. 1992)

## IV. CONCLUSION

For the reasons stated in the Court's Memorandum Opinion and Order, plaintiff Grinnell Mutual Reinsurance Company's Motion for Summary Judgment [Dkt.#29] is denied. Defendant William Jaegle's Cross-Motion for Summary Judgment and Motion to Dismiss [Dkt.#38] also is denied. This case is set for a status hearing on February 25, 2014, at 10:30 a.m.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 10, 2014